Day, J.
 

 Did the court err in excluding this testimony?
 

 The servant was employed by defendant to deliver dairy products to defendant’s customers by truck furnished to him. The task was simple and did not require assistance. No sudden emergency is claimed to have arisen rendering temporary help necessary. It is alleged that rules were prescribed for observance by its employees, forbidding them to hire assistants or to permit outsiders to ride upon their trucks. To give
 
 *264
 
 effect to these alleged rules, a sign is alleged to have been placed on the truck announcing that no riders were allowed. It is alleged that the driver, without the knowledge of the defendant, and in direct violation of its rules, employed plaintiff, a minor sixteen years of age, to assist him in making deliveries. The answer of defendant alleges that its servant had no authority to do so and that the plaintiff had full notice and knowledge of these rules. However, there is evidence tending to show that plaintiff was employed on the truck for a period of about six weeks prior to his injury, and it was a question of fact for the jury whether defendant should have known of it in the exercise of ordinary care. Plaintiff places the allegations of the answer in issue by general denial contained in his reply. On the trial of the cause, under the issues thus raised, defendant attempted to show the existence of these rules and knowledge of them by the plaintiff, and that its servant, Jones, acted without authority in employing such minor. Defendant was not, however, permitted to show this. The record discloses that on cross-examination the plaintiff was asked:
 

 “Q. Didn’t Mr. Jones point out to you that he was not permitted to employ any help? Didn’t he tell you that? A. No, sir.
 

 “Q. Never said anything about it? A. No, sir.”
 

 With this as a foundation, defendant sought to introduce into 'evidence on direct examination of its servant, J ones, testimony as to whether he had advised the plaintiff of the existence of these rules, but on objection of plaintiff he was not permitted to answer. We find the following in the record:
 

 “Q. Mr. Jones, you may state whether or not you advised Ivor Briggs of the existence of such rules as above set forth?
 

 “Mr. James: Plaintiff objects.
 

 “Judge: Be sustained.
 

 
 *265
 
 “Mr. Belt: Defendant excepts. Defendant expects that if the witness were permitted to answer he would say that he had advised Ivor Briggs at the time of his initial work and many times thereafter of the existence of such rules and that when an inspector or other official of the company came around, he, Ivor Briggs, was to leave so that the company would not learn of such independent employment.”
 

 The trial court erred in excluding this proper testimony. The question of the plaintiff’s knowledge of the existence of the alleged rules was put in issue hy the pleadings. The plaintiff was cross-examined on the subject, and though he disclaimed knowledge, his denial of knowledge is not conclusive as against defendant. The jury was entitled to consider this evidence in connection with the following significant proffered testimony disclosed by the record, or any other proper testimony, bearing upon the question of plaintiff’s knowledge of the existence of rules against his employment, namely, that during the entire six weeks of service he met defendant’s servant on the street, away from the premises of defendant; that on occasions when the company route inspector would be in the immediate vicinity of the operations of the truck, plaintiff would disappear and reappear after the inspector’s departure; that on the truck from which plaintiff worked daily, during all of this time getting in and out of said truck numerous times during each day of his service, there was posted a “No Riders Allowed” sign.
 

 A servant has no authority to employ assistants for the performance of his duties to his master, unless he is either expressly or impliedly authorized to*do so, or in cases of sudden emergency rendering temporary assistance necessary, or where the nature of the work is such as to require help. However, where one accepts employment from a servant to assist the latter in the performance of the duties of his employment, and
 
 *266
 
 the evidence as to his knowledge of an express prohibition against such employment is conflicting, it is for the jury to determine whether he was in.the employ of the master by sufferance as the servant’s assistant, or whether he was merely the servant’s servant.
 

 This proper testimony should have been admitted and its exclusion is reversible error.
 

 Judgment reversed and cause remanded.
 

 Stephenson, Williams and Zimmerman, JJ., concur.
 

 Weygandt, C. J., Jones and Matthias, JJ., concur in the judgment of reversal but hold that on the undisputed facts the plaintiff in error is entitled to final judgment in this court.